UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN LEE RICHES,<br><br>                Plaintiff.<br><br>    vs.<br><br>THE GUINNESS BOOK OF WORLD RECORDS, et al.,<br><br>                Defendants. | NO. CV-09-00154-JLQ<br><br>**ORDER DISMISSING ACTION** |

    On May 19, 2009, the court received from the Plaintiff, a prisoner at the Federal Medical Center in Lexington, Kentucky, a document entitled "Preliminary Injunction, Temporary Restraining Order, TRO, Trademark Infringement, 28 USC 1331" (Ct. Rec. 1).

    The claim is defective in many respects. The Plaintiff has not alleged jurisdiction beyond the cursory reference to 28 USC § 1331 in the caption, nor has the Plaintiff alleged a proper theory of venue justifying the bringing of this case in the Eastern District of Washington. In addition to these technical defects, a person such as Mr. Riches, who describes himself as a person who "flush[es] out more suits than a sewer," writes "legal masterpieces," and plans to "start a lawsuit 101 shop" (Ct. Rec. 1, 2) should know that the rambling nature of the hand-written Complaint cannot, in any form or fashion, be construed as stating a claim upon which relief can be granted. The Plaintiff alleges that the Defendant's under-representation of the actual number of lawsuits he has filed "hurt my feelings and violates [sic] my civil rights." *Id.* No court, regardless of its empathy, or

ORDER - 1

lack thereof, would find that the bruising of the Plaintiff's apparently fragile ego constitutes a federally redressable grievance. A District Court must *sua sponte* dismiss a Complaint that fails to state a claim upon which relief may be granted. *Omar v. Sea-Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987).

The case at hand appears to be just one more in a pattern of pleadings filed by this Plaintiff in a distant jurisdiction for no apparent reason. It is another in an inexorably long line of filings from the Plaintiff who alleges he spends "sleepless nights suing the world." Ct. Rec. 1, 2.

This court previously cautioned Mr. Riches in a prior frivolous filings in this court that further such filings could result in the court prohibiting his further filings. Accordingly,

**IT IS HEREBY ORDERED**:

1. The Complaint (Ct. Rec. 1) and the claims therein are **DISMISSED** with prejudice. The court recommends that the Plaintiff heed his own sage advice when he writes that he is "thinking about retiring from writing lawsuits for awhile and [sic] give my fingers rehabilitation." Ct. Rec. 1, 2.

2. The Plaintiff has ignored this court's prior admonishments set forth in *In Re DeAtley*, 06-CV-0278 (Ct. Rec. 578) and *Riches v. Peanut Corporation of America*, 09-CV-00041 (Ct. Rec. 2). **Except as herein provided, <u>Plaintiff is hereby enjoined from filing future actions or pleadings in this court without prior consent. Failure to comply with this prohibition may result in civil and criminal penalties.</u>**

3. The Clerk of the Court is directed to create and maintain a miscellaneous file, assigned to the undersigned judge, with the general title "In the matter of Jonathan Lee Riches." The miscellaneous file shall serve as the repository of this order and all documents previously proffered for filing by Mr. Riches covered by the terms of this order for which authority to file has not been granted.

4. If Plaintiff seeks to file any further pro se actions in this district, he MUST comply with the following procedures:
   a. He must Submit a "Petition Seeking Leave to File Pro Se Action" with the miscellaneous file number assigned him indicated in the caption.
   b. An affidavit in proper legal form as directed below; and
   c. A copy of the complaint or claims sought to be filed in this district.
   d. A cashier's check or money order made payable to the Clerk of the United States District Court for the E. D. Washington in the amount of the then current civil action filing fee. The current fee is $350.
5. The Petition Seeking Leave to File Pro Se Action must contain the following information:
   a. a statement advising the court whether any defendant to the lawsuit was a party, or was in any way involved in any prior lawsuit filed by Mr. Riches, and if so, in what capacity;
   b. a list of all lawsuits to which Mr. Riches is or was a party; the name and citation of each case; the status of the lawsuit; and the disposition;
   c. a list of all federal and state cases in which a judgment was rendered against Mr. Riches, if any; the name and citation of each case; and the amount of the judgment;
   d. a list of all federal and state cases in which a judgment was rendered in favor of Mr. Riches, if any; the name and citation of each case; and the amount of the judgment; and
   e. a statement advising the court that Mr. Riches has exhausted all available administrative remedies.
6. The Affidavit shall be in proper legal form and is to contain the following recitals:

ORDER - 3

      a.     "the claims presented have never been raised by me and disposed of by any federal or state court; that to the best of my knowledge the claim or claims are not frivolous or taken in bad faith;"

      b.     that "the claim or claims are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;" and

      c.     "that the lawsuit is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the amount and cost of litigation."

7. Upon receipt of the Petition, the court will review and either approve or disapprove of the Petition by order. Failure to comply with the procedures and principles mandated by this order shall be sufficient grounds for denying the petition for leave to file and/ or for the imposition of sanctions. If the court enters an order granting the Petition, the District Court executive shall cause the complaint and materials to be filed as of the date of the Order.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order, enter judgment of dismissal, furnish copies to Mr. Riches, and forward copies to the other Judges of this district, including Magistrate Judges, create a Miscellaneous File for Mr. Riches, and close this case file.

**DATED** this 2nd day of June, 2009.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
       SENIOR UNITED STATES DISTRICT JUDGE